UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-cr-00117-JAW |
| | ) | |
| RYAN ORTON | ) | |

**ORDER DENYING PRO SE MOTION TO APPOINT COUNSEL AND MOTION TO REDUCE SENTENCE**

On March 24, 2014, the Court sentenced Ryan Orton to 180 months concurrent incarceration, six years supervised release, and a $300 special assessment for engaging in a conspiracy to import controlled substances, engaging in another conspiracy to launder money, and being a felon in possession of a firearm.[1]  *J.* (ECF No. 76) (*J.*).  Mr. Orton attempted to appeal the sentence to the Court of Appeals for the First Circuit; however, on April 24, 2015, the Court of Appeals enforced the terms of the plea agreement's appeal waiver and affirmed the sentence.  *J.* (ECF No. 84).  On October 13, 2015, Mr. Orton filed a pro se motion for appointment of counsel and a motion to reduce sentence.  *Mot. for New Counsel* (ECF No. 89).[2]

---

[1]  The Court did not fine Mr. Orton.  *J.* at 5.
[2]  Although Mr. Orton has captioned his motion as only a motion for new counsel, in the body of the motion, he explains that he would like a new lawyer "to be appointed . . . for my Amendment 782 motion."  *Mot. for New Counsel* at 1.  The Court has treated the motion for new counsel also as a motion for reduction of sentence under Amendment 782 because the response to the motion for new counsel is interwoven with the merits of the motion for reduction of sentence.

The Court denies Mr. Orton's motions because he is not entitled to a sentence reduction under Amendment 782.[3] The Court calculated Mr. Orton's guideline sentence range as follows:

(1) The base offense level was 36 under U.S.S.G. § 2S1.1(a)(1);

(2) As Mr. Orton was convicted under 18 U.S.C. § 1956, two levels were added under U.S.S.G. § 2S1.1(b)(2)(B), bringing the offense level to 38;

(3) As Mr. Orton was an organizer or leader in a criminal activity involving five or more participants, four levels were added under U.S.S.G. § 3B1.1(a), bringing the offense level to 42;

(4) Mr. Orton accepted responsibility for the offense and his offense level was reduced three levels under U.S.S.G. § 3E.1 to 39;

(5) Mr. Orton was a career offender and his criminal history category was Category VI under U.S.S.G. § 4B1.1(b);

(6) For a total offense level of 39 and a criminal history Category VI, the applicable guideline range was 360 months to life; however, the life term was reduced by the statutory maximum of 720 months, reducing the guideline range to 360 or 720 months.

---

[3] Effective November 1, 2014, the United States Sentencing Commission reduced the Base Offense Levels for numerous controlled substances by two levels. United States Sentencing Commission, *Guidelines Manual*, Suppl. to App. C, Amendment 782, at 65 (Nov. 1, 2014). *See also id.*, Amendment 788, at 87 (Amendment 782 may be applied retroactively).

*Statement of Reasons* Attach. 1 (ECF No. 77) (*Findings Affecting Sentencing*). The Government moved for a reduction under U.S.S.G. § 5K1.1, and the Court sentenced Mr. Orton to 180 months concurrent incarceration. *J.* at 2.

The critical question is whether the two-level reduction authorized under Amendments 782 and 788 would change Mr. Orton's Guideline calculation. Unfortunately for Mr. Orton, it would not. To arrive at this conclusion, the Court has unpacked the original base offense level of 36 and discovered that it was calculated by starting with a base offense level of 32 under U.S.S.G. § 2D1.1(c)(4). This was based on Mr. Orton's importation of 2,339.78 kilograms of marijuana equivalent. *Third Revised Presentence Investigation Report* ¶ 13. The Court enhanced level 32 by two levels for possession of a firearm during the drug offense under U.S.S.G. § 2D1.1(b)(1) and by two levels for importing drugs and committing the offense as part of a pattern of criminal conduct engaged in as a livelihood under U.S.S.G § 2D1.1(b)(14)(C), resulting in a base offense level of 36. *Id.* As earlier noted, with further enhancements and reductions, Mr. Orton's total offense level was 39. *Id.* ¶ 22. Because Mr. Orton was a career offender, his criminal history category was VI. *Id.* ¶ 31 (citing U.S.S.G. § 4B1.1(b)).

Amendment 782 reduces Mr. Orton's base offense level calculated on drug quantity alone from 32 to 30. *See* U.S.S.G. § 2D1.1(c)(4). However, the remaining calculations apply with equal force, resulting in a net two-level reduction in the total offense level from 39 to 37. Mr. Orton's criminal history category remains VI. Under the Guidelines, a total offense level of 37 and a criminal history category VI results

3

in a Guideline range of 360 to life, the same Guideline range originally calculated at Mr. Orton's March 24, 2014 sentencing hearing, capped by the statutory maximum of 720 months. *PSR* ¶¶ 57-58.

Because the two-level reduction under Amendment 782 does not affect the Guideline sentence range in Mr. Orton's case, he is not entitled to relief. As he is not entitled to relief, the Court also denies Mr. Orton's request for appointment of counsel.

The Court DENIES Ryan Orton's Pro Se Motion for Appointment of Counsel and Motion to Reduce Sentence (ECF No. 89).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 20th day of October, 2015